UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN ROBERT DEMOS, JR.,

                  Plaintiff,

    v.

EMBASSY OF ISRAEL, et al.

                  Defendants.

CASE NO. C26-5104-BJR-BAT

**REPORT AND RECOMMENDATION**

Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). In the current proposed action, plaintiff brings a federal whistleblower action on behalf of the federal government, claiming that the Embassy of Israel and the Consulate of Israel have been engaged in financial malfeasance, including deceit and deception, fraudulent entanglements, financial intrigue, financial and economic terrorism, and criminal profiteering. Dkt. 1-1, at 4, 9. Mr. Demos contends that this malfeasance occurred regularly but without specifying any specific time, dates, or actions, and that he learned of such actions based on a host of classified and unclassified documents being

REPORT AND RECOMMENDATION - 1

sent to him by mistake. Dkt. 1-1, at 8–9. Plaintiff seeks thirty percent of whatever is awarded to the United States Attorney General. Dkt. 1-1, at 59.

As a bar order litigant, plaintiff may submit only **three** IFP applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). The 1992 Bar Order further provides that this Court will not accept for filing a proposed complaint unless it "is accompanied by an affidavit that the claims have not been presented in any other action in any court and that [Plaintiff] can and will produce evidence to support his claims." 1992 Bar Order at 3. Additionally, under 28 U.S.C. § 1915(g), plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had numerous prior actions dismissed as frivolous, malicious, or for failure to state claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

Plaintiff may not proceed with this action. Because plaintiff has had more than three prior actions dismissed as frivolous, malicious, or for failure to state a claim, he may not proceed *in formal pauperis* unless he alleges that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Demos*, MC99-113-JLW. Plaintiff's proposed complaint does not contain "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007) (internal citations omitted). Plaintiff thus has stated neither a plausible allegation of imminent harm nor a plausible claim upon which relief may be granted.[1]

---

[1] The Court notes that in addition to the current action, plaintiff has filed at least 20 other IFP applications and proposed civil suits thus far in 2026. *See* No. C26-235-RAJ-DWC; No. C26-238-RSM-BAT; No. C26-251-JHC-GJL; No. C26-252-JHC-SKV; No. C26-254-TL-SKV; No. C26-255-JCC-GJL; No. C26-256-JHC-MLP; No. C26-258-TMC-BAT; No. C26-259-JNW-TLF;

REPORT AND RECOMMENDATION - 2

The Court recommends **DENYING** plaintiff IFP status, Dkt. 1, and **DISMISSING** the proposed complaint, Dkt. 1-1, without prejudice in accordance with 28 U.S.C. § 1915(e)(2)(B) & (g) and standing bar orders. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). A proposed Order is attached.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **March 6, 2026.** Regardless of whether objections are filed, the Clerk should note the matter for **March 6, 2026**, as ready for the District Judge's consideration. Objections and responses shall not exceed twelve (12) pages. The failure to timely object may affect the right to appeal.

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

DATED this 20th day of February, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

---

No. C26-264-RAJ-TLF; No. C26-351-TMC-MLP; No. C26-356-KKE-DWC; No. 26-359-TMC; No. C26-375-LK-DWC; No. C26-380-BHS-SKV; No. C26-382-TMC-GJL; No. C26-395-BHS-MLP; No. C26-408-JHC-TLF; No. C26-604-RSM-GJL; C26-5151-RSM-BAT; C26-5153-RAJ-DWC.

REPORT AND RECOMMENDATION - 3